UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER RICHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-189-G |
| ) | |
| ABM EDUCATION SERVICES, LLC, ) | |
| and SUPERINTENDENT MID-DEL ) | |
| PUBLIC SCHOOLS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Now before the Court is Plaintiff Jennifer Richey's Motion for Recusal (Doc. No. 39), seeking the undersigned's recusal in this action. Plaintiff alleges that the undersigned has a conflict of interest and has engaged in unfair treatment in Plaintiff's cases. *See id.*

   I.   *Background*

In October of 2023, Plaintiff filed an employment-discrimination complaint against the same two defendants named herein. After Plaintiff failed to effect service upon the defendants, the undersigned dismissed the matter without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See Richey v. Am. Bldg. Maintenance*, No. CIV-23-915-G, 2024 WL 3273276, at *1-2 (W.D. Okla. May 30, 2024).

Plaintiff appealed, and the Tenth Circuit Court of Appeals affirmed, finding that the Court did not abuse its discretion in dismissing the case. *See Richey v. Am. Bldg. Maintenance*, No. 24-6127, 2025 WL 304293, at *2 (10th Cir. Jan. 27, 2025) ("Richey did not show good cause for her failure to timely serve the defendants.").

On February 12, 2025, Plaintiff filed the instant action, again bringing her employment-discrimination claims against the two defendants. *See* Compl. (Doc. No. 1); *see also* Doc. No. 35. Both defendants have filed Motions to Dismiss (Doc. Nos. 10, 19).

II.     *Plaintiff's Motion for Recusal*

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Accordingly, "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). "The test . . . is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 993 (internal quotation marks omitted). "The standard is purely objective." *Id.* Matters that "will not ordinarily satisfy the requirements for disqualification under § 455(a)" include "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters," and "prior rulings in the proceeding, or another proceeding, solely because they were adverse." *Id.* at 993-94.

Liberally construing Plaintiff's Motion and related submissions, Plaintiff argues that recusal is required due to the undersigned's dismissal of her prior lawsuit despite Plaintiff having been in the right. But § 455(a) "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice," and "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 993 (internal

2

quotation marks omitted). A recusal motion is not a proper "avenue to attack adverse rulings" made against a litigant. *Glass v. Pfeffer*, 849 F.2d 1261, 1228 (10th Cir. 1988); *accord Cooley*, 1 F.3d at 994.

Plaintiff also appears to argue that recusal is proper because the Court has not ruled on the pending Motions to Dismiss or addressed certain other submissions. It is well established, however, that "[d]elays or omissions by a judge . . . are not grounds for disqualification." *Aspinall v. United States*, 984 F.2d 355, 357 (10th Cir. 1993).

Taken singly or together, Plaintiff's grounds for recusal do not establish a reasonable factual basis for an objective person to reasonably doubt or question the impartiality of the undersigned. *Cf. Cooley*, 1 F.3d at 994 ("[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." (internal quotation marks omitted)).

## CONCLUSION

Accordingly, Plaintiff's Motion for Recusal (Doc. No. 39) is DENIED.

IT IS SO ORDERED this 3rd day of March, 2026.

*[Signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge

3