UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JENNIFER RICHEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-189-G |
| | ) |
| **ABM EDUCATION SERVICES, LLC,** | ) |
| and **SUPERINTENDENT MID-DEL** | ) |
| **PUBLIC SCHOOLS,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Jennifer Richey, appearing pro se, initiated this civil action on February 12, 2025, raising claims against two defendants. *See* Compl. (Doc. No. 1); *see also* Order (Doc. No. 35). Now before the Court is a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 19) filed by Defendant ABM Education Services, LLC ("ABM"). Plaintiff has responded (Doc. No. 22) and Defendant has replied (Doc. No. 24).

I.  *Relevant Standards*

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*,

671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

II.   *Defendant's Motion to Dismiss*

A. Plaintiff's Failure to Exhaust GINA Claim

Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., the Americans with Disabilities Act ("ADA"), *id.* §§ 12111 et seq., and the Genetic Information Nondiscrimination Act ("GINA"), *id.* §§ 2000ff et seq. *See* Compl. at 3. Plaintiff was required to administratively exhaust these employment-discrimination claims with the EEOC or the equivalent state agency prior to bringing suit. *See* 42 U.S.C. §§ 2000e-5, 12117(a), 2000ff-6(a); *see also Croy v. Cobe Laboratories, Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003).

Defendant ABM argues that Plaintiff's GINA claim must be dismissed because Plaintiff did not reference the GINA statute, or allege discrimination on the basis of genetic material, when bringing her administrative charges. *See* Def.'s Mot. to Dismiss at 9. Plaintiff does not dispute this contention, and the Court concurs that Plaintiff's administrative charges fail to put Defendant ABM on notice of any such allegation. *See*

*id.* Ex. 3 (Doc. No. 19-3) at 3, 7, 11-12.[1]

Plaintiff's claim under GINA therefore has not been administratively exhausted and shall be dismissed. *See* 42 U.S.C. § 2000ff-6(a); *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018).

### B. Plaintiff's Failure to State a Claim upon Which Relief Can Be Granted

In the Complaint, Plaintiff alleges that she was subjected to unspecified "employment discrimination" while employed with Defendant ABM. *See* Compl. at 1 ("I was punished for obtaining employment."); *see also* Pl.'s Mot. to File Amendment (Doc. No. 12); Pl.'s Suppl. (Doc. No. 14).[2] Liberally construed, Plaintiff's other submissions reflect that Plaintiff was employed by Defendant ABM as a custodian and was required to work in a "b[]oiler room," causing severe anxiety and emotional distress. Pl.'s Resp. at 2-4; *see also* Doc. Nos. 13, 14, 16.[3] Plaintiff's pre-suit administrative complaints asserted that Plaintiff was wrongfully terminated from her employment with ABM on the basis of race, color, and disability. *See* Def.'s Ex. 3, at 3, 7, 11-12.

---

[1] The Court considers these administrative filings for the purpose of deciding Defendant ABM's Motion because they are referred to in the Complaint, central to Plaintiff's claim, and their authenticity is not disputed. *See* Compl. at 4; Def.'s Mot. to Dismiss at 5; *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] By separate order entered on today's date, the Court found that Plaintiff's Motion to File Amendment (Doc. No. 12) and Plaintiff's Supplement (Doc. No. 14) should be construed collectively as a motion for leave to amend her Complaint and ordered that such motion be granted to the extent that the Court will consider the allegations set forth in those filings as part of Plaintiff's pleading.

[3] In light of Plaintiff's pro se status, the Court also has considered Plaintiff's numerous other post-Complaint submissions. Even if properly before the Court on a motion to dismiss, nothing in those submissions would affect the findings and conclusions herein.

To prevail upon her Title VII and ADA discrimination claims, Plaintiff must demonstrate, among other things, that Defendant ABM terminated her employment "because of" her race/color or disability, respectively. *See* 42 U.S.C. § 2000e-2 (making it unlawful "to discharge any individual . . . because of such individual's race [or] color"); *id.* § 12112(b) (prohibiting discrimination "because of the disability of . . . [an] employee").

In her administrative proceedings, Plaintiff asserted that she is disabled and that she informed her supervisors of her disability. *See* Def.'s Ex. 3, at 11. Plaintiff noted a "race-related incident" with an ABM employee and also identified two instances where she needed assistance lifting heavy boxes and another employee came to assist her; one of those employees was "visibly angry" with Plaintiff. *Id.* at 11-12. Plaintiff submitted work modification requests to her employer. *Id.* at 12. On February 14, 2023, Plaintiff had a "heated discussion" with an ABM employee. *Id.* The following day, Plaintiff was suspended from her employment. *Id.* In the weeks that followed, Plaintiff believed that she had been terminated, although ABM denied terminating Plaintiff and paid Plaintiff for the time she was suspended. *See id.*

These circumstances do not plausibly show that the termination of Plaintiff was discriminatory and violative of Title VII or the ADA. That is, none of the facts presented permit a reasonable inference that Plaintiff was terminated *because of* her disability, race, or color. Plaintiff does not allege, for instance, that ABM "made any discriminatory comments" about her or "engaged in any overt discriminatory conduct" toward her. *Avgerinos v. Palmyra-Macedon Cent. Sch. Dist.*, 690 F. Supp. 2d 115, 130-31 (W.D.N.Y. 2010) (dismissing ADA claim because "there [were] no circumstances alleged in [the

4

plaintiff's] Complaint that [could] fairly be characterized as giving rise to an inference of . . . discrimination"). Nor does she allege that Defendant ABM gave preferential treatment to any similarly situated custodian who was able-bodied and/or of a different race or color. *See Macon v. J.C. Penney Co.*, 17 F. Supp. 3d 695, 698 (N.D. Ohio 2014) (dismissing Title VII claim because, "[w]hile [the plaintiff] allege[d] she was treated differently from other terminated . . . employees, she offer[ed] no factual allegations to support the discriminatory inference she dr[ew] from this different treatment"); *see also English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1011 (10th Cir. 2001) ("[D]issimilar treatment between similarly situated protected and non-protected employees may give rise to an inference of discrimination.").

The Complaint and accompanying allegations provide "nothing other than sheer speculation to link the . . . termination to a discriminatory . . . motive." *Khalik*, 671 F.3d at 1194. Without more, Plaintiff's suspicions regarding the motive for her termination amount to a mere "gut feeling," which "is not sufficient to create an inference of discrimination." *Jackson v. City of New York*, 29 F. Supp. 3d 161, 172 (E.D.N.Y. 2014). Even liberally construing Plaintiff's pleading and other submissions, the record does not evince a Title VII or ADA claim upon which relief plausibly could be granted. *See Burnett*, 706 F.3d at 1236 ("Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." (quoting *Iqbal*, 556 U.S. at 678)).[4]

---

[4] The Court therefore does not reach Defendant's alternative arguments for dismissal.

CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 19) is GRANTED.

Plaintiff's claims against Defendant ABM Education Services, LLC are DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's Motions (Doc. Nos. 27, 29, 30, 38, 40) are DENIED as moot. Defendant's Motion to Strike (Doc. No. 32) is DENIED.

A separate judgment shall be entered.

IT IS SO ORDERED this 3rd day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge