UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER RICHEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-25-189-G |
| | ) |
| ABM EDUCATION SERVICES, LLC, | ) |
| and SUPERINTENDENT MID-DEL | ) |
| PUBLIC SCHOOLS, | ) |
| | ) |
|    Defendants. | ) |

## ORDER

Plaintiff Jennifer Richey, appearing pro se, initiated this civil action on February 12, 2025, raising claims against two defendants. Now before the Court is a Motion to Dismiss (Doc. No. 10) filed by Defendant Superintendent Mid-Del Public Schools ("Mid-Del"). Plaintiff has responded (Doc. Nos. 13, 14, 16) and Defendant has replied (Doc. No. 15).

    I.    *Relevant Standards*

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., the Americans with Disabilities Act ("ADA"), *id.* §§ 12111 et seq., and the Genetic Information Nondiscrimination Act ("GINA"), *id.* §§ 2000ff et seq. *See* Compl. (Doc. No. 1) at 3. Each of these statutes requires that a plaintiff exhaust administrative remedies prior to bringing suit.

> As regards Plaintiff's Title VII claim, that statute
>
> contains "a charge filing provision that 'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit." *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)). In general, this requirement prevents a plaintiff from bringing "a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." *Id.* (quoting *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004)). The exhaustion requirement "derives from two principal purposes: (1) to give notice of the alleged violation to the charged party, and (2) to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance." *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (internal quotation omitted). To achieve these purposes, a "plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.* (internal quotation omitted).

*Polk v. Atwood Distrib. GP, LLC*, No. CIV-23-183-D, 2023 WL 12248916, at *2 (W.D.

Okla. May 18, 2023) (footnote omitted); *see* 42 U.S.C. § 2000e-5.

Title I of the ADA, which protects disabled employees, "explicitly incorporates the 'powers, remedies, and procedures' set forth in Title VII," including the requirement that a plaintiff may only bring an action "based upon claims that were . . . part of a timely filed EEOC charge for which [she] has received a right-to-sue letter." *Avington v. Indep. Sch. Dist. No. 1 of Tulsa Cnty.*, No. 24-cv-00410, 2025 WL 1287736, at *5 (N.D. Okla. May 1, 2025) (quoting 42 U.S.C. § 12117(a)). Claims for violation of GINA likewise "require exhaustion of administrative remedies prior to bringing suit in federal court." *EEOC v. Horizontal Well Drillers, LLC*, No. CIV-17-289-R, 2018 WL 3029108, at *3 (W.D. Okla. June 18, 2018) (citing 42 U.S.C. § 2000ff-6(a)(1)).

II.  *Plaintiff's Complaint and Motion to Amend*

In the form complaint used by Plaintiff, Plaintiff provides only the following information in the section asking for a statement of the facts supporting her claims: "I actually sent a copy explaining what [led] up to my Employment Discrimination." Compl. at 4. In the section of the form complaint asking for a description of the damages she is seeking, Plaintiff states: "Due to I have had to attend therapy sessions and I have develop anxiety and high blood pressure and I have a fear to go out in the world to obtain any employment due to my horrible encounter that I've experience while employed with American Building Maintenance and the Superintendent mid-del Public Schools." *Id.* No additional factual allegations, or corresponding additional pages or exhibits, were included with the Complaint. *See id.* at 1-7.

Subsequently to filing the Complaint, Plaintiff filed a "Motion to File Amendment

3

Direct Lawsuit (Entity)." *See* Pl.'s Mot. to File Amendment (Doc. No. 12). The Motion states, in its entirety: "Superintendent Mid-Del Public Schools. Regards to The head principal Ginger York. The Superintendent Mid-del Public Schools was not included in the EEOC Claim. Ginger York is a Customer regards to American Building Maintenance." *Id.* at 1. Plaintiff subsequently filed a "Supplement" to her Motion to File Amendment, which provides additional information in the form of a narrative. *See* Pl.'s Suppl. (Doc. No. 14).

Liberally construing these submissions, Plaintiff's proposed amendments to her Complaint would add the following allegations, among others: (1) the "head principal" of Cleveland Bailey Elementary School, Ginger York, requested that Plaintiff's supervisor at American Building Maintenance remove Plaintiff from the elementary school; (2) Ms. York said Plaintiff is a "Negative person"; (3) Ms. York "knew about the Incident that occurred inside Cleveland Bailey Elementary"; (4) Plaintiff informed the EEOC of these and other facts; and (5) Defendant Mid-Del was not itself named in Plaintiff's EEOC charge. *See* Pl.'s Mot. to File Amendment at 1; Pl.'s Suppl. at 3.

The Court construes Plaintiff's Motion to File Amendment and Supplement as a motion to amend her pleading. Although the filings do not comply with the requirements of the Court's local rules for a motion to amend, *see* LCvR 15.1 (W.D. Okla.), the Court—again liberally construing Plaintiff's filings in light of her pro se status—GRANTS the motion to the following extent: Plaintiff's additional allegations presented in the Motion to File Amendment (Doc. No. 12) and the Supplement (Doc. No. 14) are accepted as part of

her pleading.[1]

### III.    *Defendant's Motion to Dismiss*

Defendant Mid-Del's Motion seeks dismissal on the basis that Plaintiff failed to exhaust her administrative remedies with the EEOC as to Mid-Del prior to filing suit, as required. *See* Def.'s Mot. at 4-5. Although Defendant argues that such a dismissal would be for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the authorities cited in the Motion for this proposition are no longer good law. *See id.* at 4. Under current Tenth Circuit authority, "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust"; the failure "does not bar a federal court from assuming jurisdiction over a claim." *Lincoln*, 900 F.3d at 1185. Accordingly, the Court considers Defendant's argument as seeking dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See id.*; *Polk*, 2023 WL 12248916, at *2 n.1, *4 ("Failure to exhaust 'may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint.'" (quoting *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019)).

The pleading allegations reflect that Plaintiff failed to exhaust administrative

---

[1] Absent amendment, Plaintiff's claim against Defendant Mid-Del readily would be dismissed pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). *See* Fed. R. Civ. P. 8(a) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Twombly*, 550 U.S. at 555. Among other deficiencies, the Complaint fails to allege facts that are sufficient to allow Defendants, or the Court, to discern whether Plaintiff is alleging that she was employed by Defendant Mid-Del or to identify the asserted "[e]mployment [d]iscrimination" against Plaintiff by Defendant Mid-Del.

remedies for any claims raised against Defendant Mid-Del. Plaintiff has not alleged that Defendant Mid-Del was her employer and the facts that she has pled relevant to that issue most reasonably imply that Plaintiff was employed by Defendant ABM Education Services, LLC, which provided services to Defendant Mid-Del. Moreover, Plaintiff acknowledges that Defendant Mid-Del was not itself named as a subject of Plaintiff's EEOC charge. And Plaintiff does not assert or allege facts that would suggest that Defendant Mid-Del was named by Plaintiff as a subject of a charge before an equivalent state agency.[2]

Accordingly, it is plain from the face of the pleading that Defendant Mid-Del was not "give[n] notice of the alleged violation," and Plaintiff may not bring claims under the federal employment-discrimination statutes against this defendant. *Smith*, 904 F.3d at 1164 (internal quotation marks omitted). Plaintiff's claims against Defendant Mid-Del are therefore subject to dismissal with prejudice. *See Polk*, 2023 WL 12248916, at *4; *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("Dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").[3]

## CONCLUSION

IT IS THEREFORE ORDERED that:

---

[2] In light of Plaintiff's pro se status, the Court also has considered Plaintiff's numerous other post-Complaint submissions. Even if properly before the Court on a Rule 12(b)(6) motion, nothing in those submissions would affect the findings and conclusions herein.

[3] The Court does not reach Defendant's alternative arguments for dismissal.

6

(1) Plaintiff's Motion to File Amendment (Doc. No. 12) and Plaintiff's Supplement (Doc. No. 14), construed collectively as a motion for leave to amend the pleading, are GRANTED to the extent that the Court will consider the allegations set forth in those filings as part of Plaintiff's Complaint; and

(2) Defendant's Motion to Dismiss (Doc. No. 10) is GRANTED.  Plaintiff's claims against Defendant Superintendent Mid-Del Public Schools are DISMISSED with prejudice.

A separate judgment shall be entered.

IT IS SO ORDERED this 3rd day of March, 2026.

*[signature]*
CHARLES B. GOODWIN
United States District Judge